

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2004

# Maldonado v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Maldonado v. Comm Social Security" (2004). *2004 Decisions.* Paper 724.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/724

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2759

MYRTA MALDONADO,
o/b/o WILFREDO NIEVES

v.

COMMISSIONER OF SOCIAL SECURITY

Myrta Maldonado,
                              Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 99-cv-01991
(Honorable William H. Walls)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2004

Before:  SCIRICA, *Chief Judge*, ROTH and McKEE, *Circuit Judges*

(Filed: May 5, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge.*

Myrta Maldonado, on behalf of her minor son, Wilfredo Nieves, appeals a District Court order affirming the Social Security Commissioner's denial of Nieves' application for child Supplemental Security Income ("SSI") benefits. We will affirm.

## I.

In October 1995, Myrta Maldonado applied for SSI benefits on behalf of her one-year-old son, Wilfredo Nieves. She alleged that Nieves qualified as "disabled" under the SSI regulations because of his asthma, ear infections, and foot conditions. The Social Security Administration denied Nieves' application initially and upon reconsideration. Maldonado appealed, and after a hearing, an Administrative Law Judge issued a decision denying Nieves' application for benefits on November 24, 1997. The ALJ's decision became final when the Appeals Council denied Maldonado's request for review. The United States District Court for the District of New Jersey affirmed the ALJ's determination, finding that substantial evidence supported the decision. Maldonado now appeals the District Court's order. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We exercise plenary review over the District Court's order, but we review the Commissioner's ruling to determine whether it was supported by substantial evidence. *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Where the ALJ's decision is supported by substantial evidence on the record, we will not set it aside, "even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

### III.

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (2004).

The Commissioner follows a three-step process in determining childhood disabilities. *See* 20 C.F.R. § 416.924 (2004). A child will qualify for SSI benefits if the Commissioner determines (1) the child is not engaged in substantial gainful activity; (2) the child has a medically determinable severe impairment; and (3) the impairment meets, medically equals, or functionally equals the severity of an impairment listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("listed impairment(s)"), and that impairment meets the durational requirement. *Id.*

In this case, the ALJ found that Nieves had never engaged in substantial gainful activity, and that his asthmatic condition constituted a severe impairment. But the ALJ concluded that Nieves' condition did not meet the criteria for any listed impairment, nor did it medically or functionally equal the severity of any listed impairment. The ALJ consequently determined that Nieves was not "disabled" and did not qualify for SSI benefits.

Maldonado claims that substantial evidence does not support the ALJ's decision that Nieves' condition does not meet the requirements of asthma attacks, a "listed impairment" under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B (2004). Maldonado further argues that remand is appropriate because the ALJ did not adequately explain the basis for his finding that Nieves' condition did not meet, medically equal, or functionally equal the severity of a listed impairment.

**A.**

Maldonado claims that the medical evidence demonstrates that Nieves' condition meets the requirements for asthma attacks, and that the ALJ's unfavorable decision on this matter is not supported by substantial evidence. To qualify for disability based on asthma attacks, the applicant must show that he or she suffered from attacks:

> . . . in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

4

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03B (2004). The ALJ's determination was supported by substantial evidence. The medical evidence established that during Nieves' first three years, his visits to the hospital were frequent. But an examination of the medical evidence submitted by Maldonado demonstrates that the number of hospital visits specifically necessitated by Nieves' asthma did not rise to the number of asthma "attacks" required by the listings for any consecutive twelve months during the relevant time period.[1] We agree with the District Court that substantial evidence supported the ALJ's determination.

**B.**

Maldonado also argues that we must vacate and remand under *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112 (3d Cir. 2000), because the ALJ failed to explain the basis for finding that Nieves' condition did not meet, medically equal, or functionally equal the severity of a listed impairment. In *Burnett*, we remanded a case in which the ALJ's step three determination consisted of a one-sentence "conclusory statement" that although the claimant had a severe disability, it did not meet or equal the severity of a listed impairment. *Id.* at 119-120. We explained in *Burnett* that we could not engage in "meaningful judicial review" unless the ALJ sets forth a

---

[1]Maldonado specifically argues that the "six attack" requirement was met during the period from July 3, 1995 to June 18, 1996 since an October 14, 1995 visit was an "admission" which counted as two "attacks" under the regulations. However, medical records indicate Nieves was not admitted to the hospital on October 14, as he was discharged after the emergency room visit.

"discussion of the evidence and an explanation of reasoning" behind the decision. *Id.* at 120.

In Nieves' case, the ALJ did not specifically cite the numbered listed impairment he considered in making the disability determination. But we find (and Maldonado does not claim otherwise) that the only impairment at issue in this case is asthma attacks, a listed impairment at 20 C.F.R. Pt. 404 Subpt. P, App. 1, § 3.03B.

In this case, the ALJ adequately explained the basis for his determination that Nieves' condition did not functionally equal the asthma listing.[2] To determine functional equivalence, the ALJ must "assess all functional limitations caused by the child's

---

[2]The criteria to be used in determining functional equivalence for children are as follows:

> *General.* If you have a severe impairment or combination of impairments that does not meet or medically equal any listing, we will decide whether it results in limitations that functionally equal the listings. By "functionally equal the listings," we mean that your impairment(s) must be of listing-level severity; *i.e.,* it must result in "marked" limitations in two domains of functioning or an "extreme" imitation in one domain, as explained in this section. We will assess the functional limitations caused by your impairment(s); *i.e.,* what you cannot do, have difficulty doing, need help doing, or are restricted from doing because of your impairment(s). When we make a finding regarding functional equivalence, we will assess the interactive and cumulative effects of all of the impairments for which we have evidence, including any impairments you have that are not "severe." (*See* § 416.924(c).) When we assess your functional limitations, we will consider all the relevant factors in §§ 416.924a, 416.924b, and 416.929 including, but not limited to:
> (1) How well you can initiate and sustain activities, how much extra help you need, and the effects of structured or supportive settings (*see* § 416.924a(b)(5));
> (2) How you function in school (*see* § 416.924a(b)(7)); and
> (3) The effects of your medications or other treatment (*see* § 416.924a(b)(9)).

20 C.F.R. § 416.926a(a) (2004).

6

condition to determine if the impairment(s) is functionally equivalent in severity to any listed impairment that includes disabling functional limitations in its criteria." 20 C.F.R. § 416.926a(a). Here, in making the functional equivalence determination, the ALJ cited physician reports, medical records, and testimony about Nieves' ability to engage in age-appropriate activities. The ALJ noted that Nieves had mild to moderate hearing loss from his ear condition and was on regular medication for asthma. But the ALJ also cited to a physician's report stating that Nieves was a "fairly developed, nourished, alert, active and playful child," as well as Maldonado's own testimony indicating that Nieves could feed himself, play outside, and interact with others.

Further, the ALJ adequately supported his determination that Nieves' condition did not meet or medically equal the asthma attack listing.[3] The ALJ specifically discussed the

---

[3]The criteria used in determining medical equivalence may be found at 20 C.F.R. § 416.926(a):

> *How medical equivalence is determined.* We will decide that your impairment(s) is medically equivalent to a listed impairment in appendix 1 of subpart P of part 404 of this chapter if the medical findings are at least equal in severity and duration to the listed findings. We will compare the symptoms, signs, and laboratory findings about your impairment(s), as shown in the medical evidence we have about your claim, with the corresponding medical criteria shown for any listed impairment. When we make a finding regarding medical equivalence, we will consider all relevant evidence in your case record. Medical equivalence can be found in two ways:
> (1)(i) If you have an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but—
> (A) You do not exhibit one or more of the medical findings specified in the particular listing, or
> (B) You exhibit all of the medical findings, but one or more of the findings is not
> (continued...)

7

physician interventions necessitated by Nieves' asthma (the criteria used to determine whether an applicant meets requirements for the asthma attacks listing) and concluded that, although Nieves experienced "several emergency room treatments for asthma," many of the other visits were not for emergency asthma issues. While the ALJ's decision did not specifically list and characterize each of Nieves' hospital visits in reaching its conclusion, a count of the asthma-necessitated visits in the medical record (which the District Court specifically set out in its opinion) demonstrates that Nieves did not experience the required number of attacks to qualify for disability benefits. Where, as in this case, we can determine that substantial evidence supports the ALJ's decision, the "meaningful judicial review" goal of *Burnett* is satisfied.

**IV.**

Because the ALJ's decision was supported by substantial evidence, and it included an adequate discussion of the supporting evidence, we will affirm.

---

[3](...continued)
    as severe as specified in the listing;
    (ii) We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.
    (2) If you have an impairment that is not described in the Listing of Impairments in appendix 1, or you have a combination of impairments, no one of which meets or is medically equivalent to a listing, we will compare your medical findings with those for closely analogous listed impairments. If the medical findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.